# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

JEFFREY A. MCKINNEY,

                Plaintiff,

vs.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

Civ. No. 6:15-CV-00299-PA

**ORDER**

---

PANNER, District Judge.

       Jeffrey A. McKinney ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding him not disabled under Title XVI of the Social Security Act. For the reasons below, the Commissioner's decision is REVERSED and this case is REMANDED for further administrative proceedings.

## BACKGROUND

       Born in March 1984, Plaintiff was 26 years old on the alleged onset date of April 4, 2011. Tr. 153. Plaintiff speaks English and has completed school through the tenth grade with some additional GED classes. Tr. 38-39, 169, 171. In April 2011, Plaintiff applied for Supplemental Security Income. Tr. 153-60. His application was denied initially on July 13, 2011, and upon reconsideration on June 5, 2012. Tr. 69-79, 82-93. Plaintiff requested and was granted a hearing before an Administrative Law Judge ("ALJ"). Tr. 113-15. After an administrative hearing held

on July 31, 2013, ALJ Ted Neiswanger issued a decision finding Plaintiff not disabled. Tr. 16-27. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final Agency decision. Tr. 8-10; 20 C.F.R. § 422.210.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(l)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. § 416.920(a)(4). The five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the claimant is performing such work, he or she is not disabled within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the

claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.      Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.      Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *see also* 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of April 21, 2011. Tr. 18. At step two, the ALJ found that Plaintiff had the following severe impairments: bipolar II disorder,

Page 3 - ORDER

panic disorder with agoraphobia, obsessive-compulsive disorder, and learning disorder. Tr. 18-19. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 19-20.

In assessing Plaintiff's RFC, the ALJ found that Plaintiff had the ability to perform a full range of work at all exertional levels with the following nonexertional limitations:

> The claimant can perform one to two step work tasks frequently and tasks that are more complex occasionally. The claimant can have less than occasional face-to-face superficial interaction with the public, and occasional, superficial interaction with the public by telephone or not face-to-face. The claimant can have structured superficial interactions with coworkers. The claimant can perform no work in a setting with large numbers of people (more than 10) in the room or immediate vicinity.

Tr. 20-25.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 25. At step five, based on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 26. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 26-27.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the

Page 4 - ORDER

Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to: (1) explain the inconsistency between the VE's testimony and the Dictionary of Occupational Titles ("DOT"), (2) provide a legally sufficient reason to reject the medical opinion of Dr. Steve Pethick, (3) provide a clear and convincing reason for discrediting his symptom testimony, and (4) provide a germane reason to reject the testimony of the lay witnesses. Pl.'s Br. 1-2, 4-17.

The Commissioner concedes that reversal of the ALJ's decision is warranted. Def.'s First Am. Br. 4. Specifically, the Commissioner acknowledges that the ALJ erred at step five by not addressing the apparent conflict between the testimony of the VE and the DOT with respect to Plaintiff's ability to perform jobs requiring level two reasoning. *Id.* Thus, the sole issue on

review is whether this case should be remanded for further proceedings or for the payment of benefits.

The decision "whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Generally, remand for the payment of benefits is proper "when no useful purpose would be served by further administrative proceedings . . . or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion." *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (citations omitted). However, remand for further proceedings is appropriate where outstanding issues remain unresolved. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, Plaintiff contends that remand for the immediate payment of benefits is proper because the statements of Plaintiff, Dr. Pethick, and the lay witnesses should be fully credited. Pl.'s Br. 17.[1] Conversely, the Commissioner asserts that remand for further proceedings is required because the ALJ reasonably assessed the statements of Plaintiff, Dr. Pethick, and the lay witnesses, such that the only unresolved issue is with respect to the VE's testimony. Def.'s First Am. Br. 4-5, 11-14.

Of the remaining three issues, the Court finds only one determinative of disability: Plaintiff's credibility. Namely, the Court need not address whether the ALJ improperly rejected the medical opinion of Dr. Pethick because, even if credited as true, it is not clear based on this

---

[1] In the alternative, Plaintiff requests the Court remand the case to allow Dr. Ryan Scott to clarify his 2007 findings. Plaintiff, however, does not argue that Dr. Scott's medical opinion from the adjudication period is ambiguous or insufficient. In fact, he does not rely on this evidence as the basis of his appeal. *See generally* Pl.'s Br. As such, Plaintiff failed to provide a no reason for the inclusion of Dr. Scott's 2007 medical report. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance").

evidence that the ALJ would be required to find Plaintiff disabled. Dr. Pethick wrote that

Plaintiff "clearly has the cognitive capacity to work in a variety of different job settings, but it is

important that he first get a handle on his anxiety and in order to most successful [sic]." Tr. 253.

Dr. Pethick also opined that Plaintiff would "need extra time to learn the details of any new job

setting and will benefit from having a supportive 'coach' or co-worker in place to help with this

process." *Id.* Dr. Pethick's report suggests Plaintiff has the ability to work and he does not

articulate any concrete functional limitations. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574

F.3d 685, 691-92 (9th Cir. 2009) (recommendations or suggestions from medical providers are

not work-related limitations of function that need be reflected in the RFC).

Additionally, it is not clear from the lay witness statements that Plaintiff is disabled. With

the exception of Plaintiff's mother, Tammy McKinney, the lay statements only generally

describe Plaintiff's paranoia and anxiety, and are largely consistent with the ALJ's RFC. Tr. 20,

24, 206-17. Thus, because they do not include concrete functional limitations, any error in regard

to this evidence was harmless. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th

Cir. 2006) (an ALJ's mistake is harmless where it is nonprejudicial to the claimant). Ms.

McKinney stated Plaintiff could not "deal with criticism well," however, that testimony

contradicts Plaintiff's comment to Dr. Scott that he "got along with supervisors, coworkers and

the general public 'okay.'" Tr. 207, 224.

Finally, although Plaintiff's subjective symptom statements, if credited, would establish

his entitlement to benefits, the ALJ did not err in regard to this issue. Plaintiff testified to having:

three to ten panic attacks per day, irritability when anxious or stressed, disturbed sleep, self-

imposed isolation, and rarely left his house (only when he could convince himself to shop or do

other activities). Tr. 21. The ALJ found Plaintiff's statements "concerning the intensity,

Page 7 - ORDER

persistence and limiting effects of [his] symptoms [were] not entirely credible" because Plaintiff worked in the past, engaged in a wide range of activities, including leaving his house, and failed to seek treatment. Tr. 21, 25.

If "there is no affirmative evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281, 1283-84 (9th Cir. 1996)). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

As the ALJ denoted, Plaintiff worked in the past as a landscaper, a waiter at a nursing home, and as a sorter at a recycling facility, but lost them all for reasons other than his reported mental impairments. Tr. 21, 39-43, 171, 224. Plaintiff reported to Dr. Scott that he left his job as a landscaper to "pursue his education"; he had to quit his position as a waiter after his juvenile record was found and he left his job as a sorter because he felt he was "being mistreated because of [his] age." Tr. 40, 42-43, 224; *see also Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (an ALJ may discount a claimant's credibility if he stopped working for reasons unrelated to his alleged disability). The ALJ also noted that Plaintiff's previous jobs all required basic tasks, which he was able to perform despite his mental limitations. Tr. 21; *see also Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (an ALJ may consider a claimant's work record when weighing claimant's credibility). Although true, medical evidence reflects that Plaintiff's

social isolation may have worsened, [2] there is no indication that he is unable to perform basic work tasks. Tr. 226.

Moreover, the ALJ found Plaintiff's testimony was less credible due to "his lack of insight into his mental impairments and unwillingness to participate in treatment that might improve his ability to socialize and reduce his anxiety." Tr. 25. Unexplained or inadequately explained failure to seek, or follow, a prescribed course of treatment is a relevant factor in assessing a claimant's testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff was seen by Dr. Karen Crocker-Wensel in 2011 and 2012, and was prescribed different medications to address his anxiety. Tr. 233-41. While Plaintiff initially reported his anxiety was "less intense," eventually his treatment was discontinued, per office policy, after two late cancellations. *Id*. An independent review of the record shows Plaintiff sought no additional medical treatment for his mental impairments after his last visit with Dr. Crocker-Wensel in 2012. Further, there is no medical opinion evidence establishing that Plaintiff's mental impairments render him unable to work. *See, e.g.*, Tr. 226, 252. Accordingly, although the Court finds not all of the ALJ's reasons for discrediting Plaintiff's symptom testimony are reasonable, the overall credibility determination is upheld. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Therefore, this case is remanded for further proceedings. Upon remand, the ALJ must obtain additional VE testimony.

## CONCLUSION

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. §405(g), the decision

---

[2] Dr. Scott wrote that Plaintiff "appears to be descending further into social isolation since this writer's last meeting with him in 2007": nevertheless, "[m]ental status testing suggested that anything beyond basic work tasks would be difficult for [Plaintiff]." Tr. 226.

of the Commissioner is REVERSED and this case is REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this _____ day of September, 2016.

OWEN M. PANNER
United States District Judge